In Re, Darianna Bard, David A. Boone appearing for Appellant, and Chris D. Kooner appearing for Appellee. Thank you. Mr. Boone, would you like to reserve any time for rebuttal? Oh, probably about five minutes. All right. I'll try to keep track of that myself. Understood. Okay. I understood your comments. Please begin. Okay. So, I guess my main point is I'd like the court to find that Rooker-Feldman has no application to non-dischargeability actions in a bankruptcy case. No state court has the jurisdiction to determine the dischargeability of a debt. And that's basically what was found here in this case. And the court then used that to not make any independent verification or justification for making a finding of non-dischargeability. Because it never went beyond this entry of judgment. Mr. Boone, the question I have is, based on what you just said, is that didn't the bankruptcy judge determine that the elements for the application of collateral estoppel or issue preclusion had to be satisfied? In other words, number one, it had to be a judgment that was final. It had to be on the merits. It had to include findings that were sufficient of fraud. It had to be consistent with public policy she was going to apply. Those elements are different than leaving the determination up to the state court, aren't they? Well, that's my point, is that the court didn't have any basis for doing that. There was a preexisting 2019 petition filed by the creditor, who is the son of the decedent. He's not really the creditor, but in every declaration he says it's of his personal knowledge. He's testifying about things in 2003 when he never even met the debtor until 2016. And this whole allegation of fraud is invented more than a year after his mother dies. The debtor and the mother had a relationship where she loaned him $40,000. He used that in his store. He paid her $400 cash every month, which I'm sure she didn't report as taxable income. And when she became really ill, he did desperately try to pay her back. But I think the fraud was based on the checks that he admittedly put into her. No, the fraud is based on an interpolation of – remember, let me finish about the first hearing. There's a hearing about – and the court investigator had said that there was a – they were unenforceable usurious loans. And they are under California law. So what happened at the June 9th hearing, I think it was, in 2019, is the court did not grant the petition against the debtor. We're over. The debtor appeared. He added a court-appointed translator. The court found in his favor. Did it enter a judgment? No, there's no judgment. Okay. No, wait. Well, wait a second, Mr. Bloom. That is a petition filed by the debtor in bankruptcy. And in that particular case, the creditor moves for stay relief to allow to file an amended petition, which is – No, we didn't. That's not true, Judge. Before I – when I filed this bankruptcy case, which was to pay the sales tax, which he hadn't paid because he paid the decedent $20,000, I went down there to the court. There was nothing that had occurred since the June 9th hearing. And there was nothing pending. There's nothing ever done in this estate except sue the debtor. Okay. It's actually a case that's done. Counsel, I think you need to be a little crisper in your – we're talking about petition this and that because we're dealing with a probate. So they're probate petitions. They're petitions in bankruptcy. But we're talking about a state court judgment, right? No. There is ultimately a state court judgment. Which is never served on – Okay, that's different. We have a state court judgment. The facts are there's no state court judgment prior to the first bankruptcy. There's nothing pending. By the time we get to where we are, we're burdened with being involved at this point, at this time, in this flow of events. And by the time the judge who decided this matter based on issue preclusion got the case, there was a state court judgment, right? There is a – during the bankruptcy, there's a motion for relief from stay to go liquidate the claim. The representation to Judge Johnson is that it will be so complicated it will take days in bankruptcy court. So we should be allowed to go back to state court. And he granted the relief. And this is February of 2020, just before the whole world ends, okay? Then they asked for non-proton relief. Didn't end, we're still here. No non-proton relief because something inadvertent may have happened. They never mentioned that they filed an amended petition. And after that hearing, which is the judge signs the order February 27th, just before the whole world ended, then they – nothing really happens until August of 2020, right in the middle of the pandemic. They make believe they served the amended petition on the debtor at his former business address, which had been demolished for about six months. Remember, he was evicted, et cetera. Counsel, he had no – And they never – He had noticed in May of the hearing to be conducted in August on the amended petition. And that was served at his house and his place of business. And he didn't respond. He didn't file any kind of motion to dismiss. He didn't assert lack of process. He didn't contend that there was insufficient service of process. He didn't respond to the petition. And a final judgment was entered by the state court, probate court, in August. No, he never was served with the petition. No, he didn't. He was served with notice of a hearing on the petition, on the amended petition. Yes. For an August hearing. By that time, he was probably in the process of moving out of – But here's what he was doing. But here's the problem. The point is it was served on his house. It was served on his business. He had notice of the hearing. If he didn't believe that he had valid service of the amended petition, what could he have done in state court? The notice – you're saying he was served at his business. And his house. He was evicted a year earlier. And his house. And his house. That's what the record reflects, is he has attached to his motion for summary judgment a notice of hearing on the amended petition served at his residence. Yes, but he didn't get the amended petition at his residence. Then he had a motion for insufficiency of service of process to file. The only thing they served was a notice of a hearing. And, Judge, wait a minute. He never was properly served the amended petition. So, Mr. Boone, assuming that you're correct, that this is the critical point or a critical point, can't you still go to state court and fix it? We could go to challenge it because – My client is also a senior. He's very ill. He probably should be in hospice, okay? So, but my point is that notice of hearing that Judge Gann is saying is so important, he couldn't – if he went down to the court, he couldn't have gotten in. I never got notice of any of this and we're in a bankruptcy. Why don't you give me notice of hearing? Wait a minute. I would have – The notice of hearing was mailed in May of 2020 and the hearing was conducted in August of 2020. The pandemic that you're referring to that closed the court didn't exist from January through August. It preclude him from any – No. Any activity during that time. The pandemic closed the court as of April 1st, 2020, and we did not have a single in-person hearing in Santa Clara County Superior Court until January when we started up again on some of the custody and domestic violence cases. So, my point is if the debtor got that hearing and he went down to the court, he wouldn't have been able to get in. The bigger point is we're in a bankruptcy. They have limited relief in the bankruptcy case. I was never served the amended petition. I was never served a notice of hearing. I probably would have tried to figure out how to appear. Were you of record in the state court action? Pardon? Were you of counsel of record in the state court action? No. I was never served with the amended petition. As far as I was concerned, there was no amended petition. But you wouldn't have served the petition in the bankruptcy case. No, I wasn't. We was never served or filed in the bankruptcy case. But it would not have been. It was a probate matter. It wasn't a bankruptcy matter, and state relief had already been granted to allow them to proceed in state court. There was no need to notice you in the bankruptcy case. You weren't his lawyer in the state court. We're liquidating a claim in the bankruptcy. They were given limited relief to return. To return to the state court. I guess I'll use my five minutes as being hopeless. Here. Do you want to stop or do you want to continue? I want to complete my point that it was never actually litigated. It was never properly served. Whether you think that some notice of a hearing when there's no amended petition attached to it and you never got the amended petition, if that's sufficient service, then I understand where you're going. But my point is, Rooker-Feldman doesn't apply. I understand issue preclusion. But the court has an obligation before it just simply adopts this form judgment that was signed after an 18-minute telephonic hearing where both counsel and the judge are remote. Okay? So here are some of the things I thought that maybe the judge. A judge, when you're going to have issue preclusion and you're going to say something was decided and it's limiting what your ability as a bankruptcy judge is to do, you should see that it was properly served, that it was actually litigated, that there was some admissible evidence. Everybody ignores the fact that this so-called creditor is testifying as if he's dead mother. Look at the amended petition, ER 118 or whatever it is. He's swearing to conflicting things, that it's a loan, that it's elder abuse, that he took the money and never paid anything back. I would think that you have an obligation as the judge to make some independent hearing as to what debt is owed and what's the basis for non-dischargeability. I understand there could be issue preclusion. There could be a piece of that or all of that. In some cases, they have trials and make findings on a fraud. But the judge just took the face judgment executed during the pandemic as controlling and never inspected anything that went on in the underlying proceeding. Okay. And I think that's improper. I understand what you're arguing. And I guess you don't agree with me. Okay. Serious hearsay issue, there's no admissible evidence in this case. Those are great issues on appeal. Had you appealed the judgment in state court, you might be successful. If you sought to vacate the judge, you might be successful. But the bankruptcy court is not the location for going beyond the judgment and having review of the judgment on the basis that you're suggesting. No, no. That's precluded by Rooker felon. My one final point is that what the probate court found was that the debtor took this money, didn't return it. They didn't find fraud. There's no finding of fraud. The error of the bankruptcy court is the elder abuse nonsense is a 523A6. That's dischargeable in a chapter 13. And my client is in a confirmed chapter 13. So how can it make be any relevance at all to dischargeability? What this judge does, if you look at her finding, she says, oh, well, there was elder abuse, so there must have been a finding of fraud. Okay. The judgment itself says, at the time respondent made the above described representations and decedent made the loans, decedent was ignorant of the falsity of the representations and believed them to be true. Decedent justifiably relied upon these representations and gave respondent the money. Had decedent known the fact, she would not have undertaken the actions. The respondents above described representations were willful, wanted, malicious, oppressive, undertaken with the intent to defraud, and made with the intent to defraud. That's fact. Those facts, as found by the court, are sufficient to sustain a fraud judgment, aren't they? That's just the judge because of believing Rooker Feldman has just adopted. This is the state court judge. That's not the bankruptcy judge. There is no evidentiary hearing. That's a submitted judgment by the probate attorney in this 18-minute hearing, which the court adopts. All right. Thank you. Thank you. You've used up your time. Okay. Thank you. All right. Mr. Cooner. Good afternoon, and may it please the court. I don't want to repeat what's in my brief, so I won't. I think by the questions that were asked of my colleague, Mr. Boone, I think the court is focused on what I am focused on, that the Rooker Feldman doctrine absolutely applies here. The bankruptcy court judge appropriately declined to look behind and look at issues to either amend, vacate, or in any way alter the state court finding. That probate judgment was entered over four years ago. There's never been an attempt by the debtor to go to the probate court and to amend based on any of these arguments that we're hearing today. The bankruptcy court properly analyzed the factors for collateral estoppel, found that they applied in this action. The findings of the probate judgment are clearly sufficient to make a finding under 523A2A that this debt is non-dischargeable. The issue about elder abuse and this argument that there isn't a fraud element to elder abuse is simply not true. The statute sets forth, and we cited in our papers, in our brief, that there is a part of elder abuse that includes intent to defraud. And the court made the finding. Clearly, there was findings of fraud and elder abuse, and the finding of fraud is within that elder abuse finding. But even without that, you've got these basic fraud findings that the probate judge made. The other comment I want to address is this idea that an 18-minute hearing somehow makes the judgment defective. We cited in our brief authority that even a default judgment is binding for purposes of collateral estoppel provided certain elements are met. And there was a notice of it and the opportunity to contest. We even had more than that here. This was not a default judgment. This was a hearing. Evidence was presented. And the court issued, the probate court issued the judgment. The fact that Mr. Boone did not get notice of an amended petition makes all the sense in the world to me since he was not counsel of record in the probate action. I would note one final comment is that I think Judge Gann, you I think said twice about the service. The service on the home address is the same address the debtor had in his bankruptcy. That was the listed address. Never went in and made a change of address, never modified that. So it's hard for me to understand that he did not actually get the notice of hearing. And had he changed his address and had he said to the probate court, hey, I didn't get this. He should have done that well before the second case and well before. And frankly, within the time to do so under California state law. Your honor, I think the judges, I think that the bankruptcy court properly analyzed collateral estoppel, applied the findings in the probate judgment appropriately under 11 U.S.C. section 523 A2A, entered and rejected the attempt to violate Rooker Feldman and entered a proper judgment. And with that, your honor, your honors, I submit. Does anybody have any questions? All right. All right. Thank you both very much for your arguments. This matter is submitted and we will try to get a decision out promptly. Thank you. Thank you. Thank you.
judges: Brand, Gan, Taylor